## No. 2,316.

CHARLES McCORMICK, Respondent, v. THE LOS ANGELES CITY WATER COMPANY and LOUIS DARQUE, Appellants.

40 185
135 643

Mechanics' Lien.—Under the Act of March 30th, 1868, for securing liens of mechanics and others, a person is not entitled to a lien on a reservoir for the value of his services rendered in cooking for the men employed in constructing the reservoir, notwithstanding the cooking was done on the ground as the work progressed.

Appeal from the District Court of the Seventeenth District, Los Angeles County

Judgment was for plaintiff. Defendants moved for a new trial, which was denied, and from the judgment and the order denying a new trial, defendants appealed.

The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for Appellants.

The work performed by the plaintiff was not of a character to entitle him to a lien under the Act of March 30, 1868.

This Act, being in derogation of the common law, and creating extraordinary rights and liabilities, is to be strictly construed. (*Davis* v. *Livingston,* 29 Cal. 283; *Walker* v.

*Hauss Hijo*, 1 Id. 183; *Bottomly* v. *Grace Church*, 2 Id. 90; 3 E. D. Smith, 632.)

The first section of the Act, (Stats. 1867-8, 589) declares for what services and materials a lien may be acquired. It recites as follows: every mechanic, artisan, machinist, builder, contractor, lumber merchant, miner, laborer, and other person performing labor upon, or furnishing materials of any kind to be used in the construction, alteration, repair, in whole, or in part of any mining claim, building, &c., "shall have a lien for the work or labor done, or materials furnished."

Can the plaintiff be said to have performed any "labor upon the construction of this reservoir?"

For the construction of words almost identical, occurring in the mechanics' lien law of New York, we refer to *McDermott* v. *Palmer*, 4 Seld. 383; *Quimby* v. *Sloan*, 3 E. D. Smith, 611–12–13, and especially to note *a* on pages 611–13, where reference is made to Nott's Treatise on the Lien Laws, p. 97.

*H. T. Hazard,* for Respondent.

"If a mechanic engage his hands at a certain sum per diem, and their board, he may include in his lien the wages and boarding of the men, for it is part of the compensation for his work and labor in the erection of the building." *(Sybrandt* v. *Eberly,* 36 Penn. 347.)

The case at bar is a much stronger one than the case cited. In this case the plaintiff was employed by the agent of the company to cook in the eating-house kept by the company for boarding the men working in the construction of their reservoir; keeping a regular eating-house within the reservoir enclosure to enable them the better to construct the same. The Act under which this action is brought, is broader than any heretofore, and includes "every laborer or other person," includes any person performing labor. And can any one say that the cooking, as carried on in this case, was not a necessary part of the labor in carrying on the construction of said reservoir. As well might it be said that

the laborer who labors a mile or more from the building, in loading carts with dirt or bricks or sand to be used in the construction of the house, has no lien thereon for his labor, as he performs in one sense, you might say, "no labor upon the construction." But his labor is necessary to the construction, and in such cases the Courts have always held that he performed labor upon the construction. So, in this case, the cooking was a necessary part of the work in constructing the reservoir. "When a teamster who had hauled the lumber used in the erection of a building filed his claim under the mechanics' lien law, it was held error in the Court below to strike off the lien." (*Hill* v. *Newman*, 38 Penn. 157.)

Liens of mechanics are favored in law, because these parties have, in fact, created the very property on which the lien attaches. (*Tuttle* v. *Montford*, 7 Cal. 358; *McCrea* v. *Craig*, 23 Id. 522; *White* v. *Steam Tug "Mary Ann,"* 462.)

CROCKETT, J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and RHODES, C. J., concurring:

The only question in this case which merits discussion is, whether or not, under the Act of March 30, 1868 (Statutes 1767-8, p. 590) the plaintiff is entitled to a lien on the defendant's reservoir for the value of his services rendered in cooking for the men employed in constructing it. The proof shows that the plaintiff was employed by the contractor, or Superintendent, to cook for the men engaged in excavating the reservoir, and that the cooking was done on the ground as the work progressed. But the fact that the cooking was performed at that particular place is entitled to no consideration as affecting the question of lien. If any lien exists, it arises not from the place where the cooking was done, but from the nature of the services and its relation to the work which was being constructed. If the plaintiff can assert a lien on the facts proved, he could as well have done so if the cooking had been performed at any other place; and if the mere fact that a person is employed to cook for the laborers engaged in erecting a build-

ing entitled him to a lien, the same result would follow if he had furnished the provisions also. On the same theory a blacksmith who shod the horses, or a grain dealer who furnished them forage whilst employed on the work, or a wagon maker who repaired the carts of the contractor, would be entitled to a lien on the building. And if every one who contributed indirectly and remotely to the work is entitled to a lien, no reason is perceived why a surgeon called to set a broken limb of one of the laborers, whereby he will be enabled at an early day to resume work on the building, might not assert a lien; but services of this character, not performed on the building, are not within the province of the statute.

Judgment reversed and cause remanded, with an order to the District Court to modify its judgment in accordance with the opinion.

SPRAGUE, J., expressed no opinion.