No. 929.

## FERGUSON ET AL. *v.* DESPO ET AL.

ASSIGNMENT OF ERRORS.—*Omission of Name from Title.—Supplied in Body of Assignment.—Sufficiency.*—An omission to give the name of a party appellant in the title of an assignment of error may be sup- plied in the body of the assignment, and the assignment in that re- spect will be sufficient.

PLEADING.— *Complaint, Sufficiency of Facts. — No Cause · of Action Against Part of Defendants.—Subcontractor.—Mechanic's Lien.—Per- sonal Liability.*—A railroad company contracted with A. to construct certain piers and abutments for a bridge, and A. in turn sublet the work to B., and B. contracted with C. for labor and materials. Un- der such contract, C. performed labor and furnished certain ma- terials, and in due time filed his notice of intention to hold a lien for the same. C. brought suit against A. and B. and the railroad company for the amount due, praying judgment against the several defendants, and for a foreclosure of his lien, etc. Under such cir- cumstances has C. a cause of action against A.?

*Held,* that, as the facts do not disclose any state of facts which would make A. personally liable to C., there being no privity between them, nor any principle of subrogation whereby C. could succeed to the rights of A., the benefits of the labor performed and the ma- terials furnished by C. having enured, alone, to B. and the railroad company, no cause of action existed against A.

MECHANIC'S LIEN.— *What Constitutes. — Labor. — Board, Groceries, Money Furnished, etc.—Railroad.*—In an action on a mechanic's, etc., lien for labor performed as a foreman in the construction of the masonry for a bridge for a railroad company, the account con- tained items, besides that for the labor performed, for board, groceries, tobacco, and money furnished the other employes of the contractors.

*Held,* that the item for labor properly constitutes a lien, but that the other items for board, groceries, etc., not being materials entering into the construction of the work, constituted no lien.

SAME.—*Railroad Laborer.—Lien, How Obtained.—Notice.—Statute Re- pealed.*—Where labor was performed for a railway company in 1889 and 1890, in constructing masonry for a bridge, the employe, whether of a contractor or subcontractor, may have a lien for such work upon filing notice of intention to hold a lien, and no other no- tice (as provided by the act of March 6, 1883, section 9) is neces- sary, such section, as to notice, having been expressly repealed by the act of March 9, 1889, section 6.

SAME.—*Demand.*—In such case, where notice of intention to hold a lien was duly filed, a demand for the money due is not necessary before an action will lie.

From the Lawrence Circuit Court.

*M. F. Dunn,* for appellants.
*W. W. Herod* and *W. P. Herod,* for appellees.

REINHARD, J.—We are asked to dismiss this appeal or affirm the judgment on the ground of an alleged defect in the assignment of errors.

The amended assignment in the title of the cause leaves out the name of one of the appellants. In the body of the assignment, however, the names of all the parties are given thus: "The above named appellants (naming each of them) file this their amended assignment of errors, making their co-defendants below in the Lawrence Circuit Court (naming them) co-appellees with said other appellee, Alfred O. Despo, for the reason that said (naming the co-appellees) have not joined in this appeal, and assign additional errors." Then follow the separate assignments of errors.

We regard the assignment as sufficient. The assignment of errors is the appellant's complaint in this court. It must contain the names of all the parties to the appeal, and a failure makes the assignment fatally defective. Elliott's App. Proced., section 322.

This is likewise required of a complaint under the code. R. S. 1881, section 338.

But it has been held that the omission to give the names of the parties in the title may be supplied by naming them in the body of the complaint. *Ammerman* v. *Crosby,* 26 Ind. 451; 1 Works Pr. and Pl., sections 344, 345.

Despo brought this action against the appellees, Cummings and Conner, partners, and the appellants, Francis

Ferguson *et al. v.* Despo *et al.*

M., Emma, and Mary Ferguson, partners, and the Cincinnati and Bedford Railway Company.

The substance of the complaint is that in November, 1889, the Fergusons, as partners, entered into a contract with the said railway company for the construction of the railroad, track, and bridges of said company, or certain parts thereof; that by the contract the Fergusons were to erect and construct the abutments, piers and masonry work for a certain bridge over the east fork of White river, near Bedford, in Lawrence county, Indiana, as a part of said railway; that the Fergusons contracted with Cummings and Conner for the construction of the stone work and masonry for such bridge; that Cummings and Conner entered upon the work and completed it according to the agreement; that Despo furnished Cummings and Conner goods and merchandise on account of, and necessary to, the building and construction of said stone work and masonry to the amount of $918.44, at the special instance and request of said Cummings and Conner; that such work and labor and materials were performed, furnished, and used in the erection and construction of said stone work and masonry of said bridge; that at the time Cummings and Conner commenced said work on said bridge, they contracted with said Despo to act as foreman and manager for them in the erection and construction of said stone work and masonry of said bridge at the agreed price of $100 per month, during the time said Cummings and Conner were engaged in said work; that Despo performed all his duties as such foreman or manager from November 25, 1889, until June 20, 1890, but that he only received $116 in all for his labor, and that there yet remains due him $504, which is wholly due and unpaid, although payment has been demanded of each and all the defendants for all of said sums.

Plaintiff files herewith an itemized statement of account marked "Exhibit A." That on the 19th day of August, 1890, and within sixty days of the time of furnishing said materials and performing said work, plaintiff filed in the office of the recorder of Lawrence county, Indiana, notice of his intention to hold a lien on the property of said railway company, which notice was duly recorded on the 19th day of August, 1890, and a copy of which is filed herewith, marked "Exhibit B.".

Wherefore, plaintiff prays judgment against the several defendants above named, in the sum of $2,500, for the foreclosure of said mechanic's lien and for a sale of the railway property, together with all the appurtenances thereunto belonging within said county of Lawrence, and all proper relief.

The itemized account and copy of lien notice are filed as exhibits A and B.

Among the specifications of errors following the title of the cause, and the statement hereinbefore set out containing the names of appellants and appellees, is the following: "4th. Francis M. Ferguson, Mary Ferguson, and Emma Ferguson, and each of them, say that the court erred in overruling their separate and joint demurrer to the complaint of the appellee."

The next assignment is as follows: "5th. Francis M. Ferguson, Mary Ferguson, and Emma Ferguson, for themselves, and each for himself and herself, say that the complaint does not contain facts sufficient to constitute a cause of action against them or either of them."

The record shows the filing of the following demurrer, omitting the caption and title:

"4th. Francis M. Ferguson, Mary Ferguson, and Emma Ferguson, each for themselves, separately and severally, as well as for himself and herself jointly, demur to the complaint herein, for the reason that said

Ferguson *et al. v.* Despo *et al.*

complaint does not contain facts sufficient to constitute a good cause of action against them, or either of them, separately or severally or jointly.''

The demurrer is signed by the attorney for defendants.

The record further shows that ''the demurrers heretofore filed are, by the court, overruled, and to this ruling the defendants each except.''

Counsel for appellee Despo insist that these assignments, and the demurrer and rulings thereon, do not present any question which this court can consider as a separate error against the Fergusons.

After a careful consideration of the question, we have come to the conclusion that the same is properly presented. The point we are to decide, therefore, is whether the complaint states a cause of action against the appellants Francis M., Mary, and Emma Ferguson.

It will be noticed, by reading the complaint, that it is nowhere alleged that the appellants above named ever, at any time, employed Despo to do any work for them. Nor does it appear that they were the owners of the property upon which the work was done. It is shown that the railway company contracted with them to construct the work, and they in turn contracted with Cummings and Conner, and that the latter, as partners, employed and contracted with Despo for the work and materials. Whatever benefit was received from the work and materials furnished by Despo enured to Cumming and Conner and the railway company, the latter as the owners of the property, and the former as the contractors who did the work. The action is not merely for the enforcement of a mechanic's and material man's lien, but it is to obtain a personal judgment against each of the defendants. In our opinion, the complaint does not disclose any state of facts which would make the Fergusons personally liable. It does not appear that they owed Cummings

and Conner anything upon the contract, or that there is any privity between Despo and the Fergusons, and no principle of subrogation enters in by which Despo could succeed to any rights of said Fergusons. The demurrer as to them should have been sustained.

The further question is made that there is no cause of action against the railway company. Upon an investigation of the record, we entertain grave doubts as to whether any such question as affecting said company is properly presented, but, in view of our conclusion upon this subject, we have thought it best to decide the question. The bill of particulars contains all the items for which the appellee Despo seeks to recover. Besides the item of work and labor done in superintending the stone and masonry work, we do not think there are any for which the railway company could be held liable, either personally or by a charge upon its property in the way of a lien. These items are such as board, groceries, tobacco and money furnished the hands and workmen of Cummings and Conner, none of them being materials that went into the construction of the work. We think, however, that the work and labor in superintending the job of the stone-work and masonry on the piers and abutments of the bridge is an item that properly enters into Despo's lien, and for which he has a right to hold the company if he is otherwise entitled to recover, against it.

The work sued for was commenced in November, 1889, and finished in 1890, and it is admitted by counsel on both sides that the rights of the appellee Despo under his lien must be determined by the law of 1889 in relation to mechanic's and material men's liens, unless there are prior laws unrepealed that are applicable to it.

The act approved March 9, 1889, p. 258, in section 6 amending section 1 of the act of April 13, 1885, p. 236,

Ferguson *et al. v.* Despo *et al.*

provides that all persons who shall perform work or labor, or furnish materials in the way of grading, building embankments, making excavations for the track, building bridges, trestle work, work of masonry, fencing or any other structure, etc., whether the work or labor performed or materials furnished be in pursuance of the contract with the railroad company as owner or lessee, or with a subcontractor or agent of such railroad corporation in the work of constructing or repairing any such railroad or part thereof, in this State, may have a lien to the extent of the labor performed or materials furnished, or both, upon the right of way and franchises of the corporation within the limits of the county in which such labor is performed or materials furnished, and upon all works and structures in this section mentioned. It is expressly provided that if the work is done or material furnished in pursuance of a contract with any person, corporation or company engaged as lessee, subcontractor, or agent of any railroad corporation in the construction or repairing of any railroad, as before mentioned, the person performing such labor or furnishing such material shall not be required to give notice to such corporation, as provided by section 9, p. 142, of the act approved March 6, 1883, in order to entitle him to hold a lien for such labor or material, but the performing of the labor and furnishing of the material shall be sufficient notice to such corporation.

It is further provided that all the provisions of the act of March 6, 1883, when applicable, shall remain in force, in aid of the amended section, except that part of section 9 in reference to notice. Elliott's Supp., section 1710.

A bare statement of the provisions of this section, we think, is sufficient to show that no notice is necessary to

the railroad company further than the filing of the notice of intention to hold a lien, as required by section 1707, Elliott's Supp.

The contention of the appellant, therefore, that notice is still required in order to hold the company for the lien, can not prevail.

We are, therefore, of the opinion that the court committed no error against the railway company in overruling its demurrer to the complaint, and that the complaint is sufficient for a foreclosure of the lien against said company.

Error is further predicated upon the conclusions of law which the court made upon its special finding of facts. The assignment of error in this particular is joint, and there might be some question as to whether the point is properly presented. We may say, however, that we have carefully examined the special findings and legal conclusions, and so far as they affect the railway company the conclusions are fully justified by the findings. It appears that none of the improper items contained in the bill of particulars were allowed by the court, and that all proper credits to which the company was entitled were given.

It is further insisted that there is no finding that a proper demand was made of the defendants before suit. In this we think counsel are mistaken, but we do not regard it necessary that a demand should have been made of the company. If the work was done and the materials were furnished, as found, and a notice of intention to hold a lien was filed within the time and in the manner required by the statute, which the court finds was done, we know of no rule, statutory or otherwise, that requires a specific demand for the money due before an action will lie.

Other errors are assigned but not specifically discussed

in the brief of appellant's counsel, and we need not, therefore, consider them.

The judgment and decree of the court against the Cincinnati and Bedford Railway Company is affirmed, and the judgment against Francis M. Ferguson, Mary Ferguson and Emma Ferguson is reversed, with instructions to the court below to sustain the demurrer of said appellants to the appellee's complaint, and for further proceedings as between said appellee and said appellants, Francis M. Ferguson, Mary Ferguson, and Emma Ferguson, not inconsistent with this opinion.

Filed June 24, 1893.