Merrimack, }
June, 1897. }

## PERRAULT *v.* SHAW *& a.*

A person does not perform labor or furnish materials for making brick, within the meaning of the statute giving a lien therefor, by furnishing board to the workmen employed in making the brick, under a contract with the manufacturer.

ASSUMPSIT. Facts agreed. The defendants owned and operated a brick yard in Pembroke, from April 29 to August 29, 1895. They were decreed insolvent, August 28, 1895. The plaintiff, under a contract with the defendants, boarded their workmen to the amount of $1,467.26, for which amount he claimed a lien upon the brick made that season, and brought this action to enforce such lien.

*Daniel B. Donovan,* for the plaintiff.

*Almon F. Burbank* and *Albin, Martin & Howe*, for the defendants.

BLODGETT, J.   " If a person shall perform labor or furnish materials to the amount of fifteen dollars or more for making brick, by virtue of a contract with the owner thereof, he shall have a lien upon the kiln containing such brick for such labor or materials."   P. S., c. 141, s. 11.

The legislative purpose in the enactment of this statute evidently was to protect the laborer who performs manual work in making the brick and the person who furnishes materials which are used therefor, and such also is the reasonable import of the language employed in its common and ordinary signification. Assuming the correctness of this interpretation, the plaintiff fails to make a case which entitles him to the remedial advantages of the statute.   At most, the board furnished by him contributed only in an indirect manner to the making of the brick.   He neither performed labor nor furnished materials within the statutory contemplation, which limits the lien to such labor performed and materials furnished as enter into and become a part of the brick.   See *Bradford* v. *Lumber Co.*, 80 Wis. 50; *Williams* v. *Coal Co.*, 25 Or. 426, 431, 432,—42 Am. St. Rep. 799, 802; *McCormick* v. *Water Co.*, 40 Cal. 185; *Dudley* v. *Railway*, 65 Mich. 655; *Central Trust Co.* v. *Railway*, 27 Fed. Rep. 178; *Gordon Hardware Co.* v. *Railroad*, 86 Cal. 620.

To give to the statute the elastic power claimed for it by the plaintiff would require an unnatural and strained construction which, if carried to its logical conclusion, would extend the lien indefinitely to every one who, by virtue of a contract with the owner, contributes however remotely to the making of brick by any kind of service rendered or supplies furnished to the workmen which aid them in any degree to perform their labor.   The obvious result of such a construction would be interminable litigation and confusion of liens, as well as materially subversive of the general principle upon which all lien laws of this character proceed, which is that those who have directly contributed by their labor, or by furnishing materials, are entitled to a lien upon the property into which the labor and materials have gone, and to that extent added to its value.   Authorities *supra; Davis* v. *Alvord*, 94 U. S. 545; 15 Am. & Eng. Enc. Law 46, note.   There is no other solid or distinct ground on which to stand.

The plaintiff has not a lien on the brick attached.

*Case discharged.*

All concurred.