[S. F. No. 1997. Department Two.—December 29, 1899.]

E. CADENASSO et al., Respondents, v. J. S. ANTONELLE et al., Defendants. A. D. TURNER and J. L. VERMEIL, Appellants.

PRINCIPAL AND SURETY—RIGHTS OF SURETIES UPON BOND —Sureties upon a bond to secure the performance of a contract by the principal are entitled to stand upon the precise terms of the bond, and are not bound beyond its strict letter.

ID.—BOND FOR CONSTRUCTION OF MINING TUNNEL—AGREEMENT TO PAY FOR LABOR AND MATERIAL — MONEY ADVANCED TO CONTRACTORS — INTEREST IN PROFITS.—A bond to secure the performance of a contract for the construction of a mining tunnel, containing an agreement to pay in full all persons performing labor or furnishing materials for the contractors, or any person acting for them or under their authority, in connection with the contract, does not bind the sureties to repay to third parties moneys advanced by them to the contractors, under an agreement for a share in the profits secured by an assignment of the contract.

ID.—ACTION UPON BOND—PLEADING—FINDING.— INSUFFICIENCY OF EVIDENCE.—In an action upon such bond, a complaint averring that

labor and materials of the value of a specified sum were advanced by the plaintiffs to one of the contractors named in the bond, and a finding to the same effect, against the sureties upon the bond, are not supported by evidence showing that moneys to the amount specified in the complaint were advanced by the plaintiffs to such contractor; nor can evidence that a small portion of the amount advanced was due for materials furnished, sustain the finding.

ID.—ASSIGNMENT OF CONTRACT, WITH AGREEMENT TO DIVIDE PROFITS— PARTNERSHIP.—The assignment of the contract to construct the tunnel to the plaintiffs, who advanced money under an agreement to divide the profits arising from the contract, for the use of the money advanced, does not constitute a partnership between the plaintiffs and the contractor making the assignment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The bond set forth in the complaint was signed by the sureties alone, A. D. Turner and J. L. Vermeil, who undertook to become sureties and guarantors "for the full performance on the part of J. S. Antonelle and S. R. Frazier, copartners doing business as J. S. Antonelle & Co., the parties of the second part in the above contract," being a contract made by them as second parties, with C. V. Perry and C. S. Holmes, as parties of the first part, for the construction of a tunnel in the "Butte Basin gravel mine." S. R. Frazier transferred his rights under the contract to J. S. Antonelle, November 6, 1895, and the assignment of the contract by J. S. Antonelle to the plaintiffs and the accompanying agreement for division of the profits between Antonelle and the plaintiffs were made November 7, 1895. Further facts are stated in the opinion.

A. Everett Ball, for Appellants.

J. K. Ross, for Respondents.

COOPER, C.—This is an appeal from a judgment in favor of plaintiffs and from an order denying the defendants' motion for a new trial. The complaint states in substance that on the first day of November, 1895, the defendant Antonelle entered into a contract with one Perry and others, under the terms of which

Antonelle was to build a tunnel in the Butte Basin gravel mine, situated in Amador county, within the time and for the consideration named in a written contract made by said parties.

Antonelle gave to said Perry and others an undertaking, with defendants Turner and Vermeil as sureties, conditioned that said Antonelle would faithfully perform the said contract and construct the said tunnel as he had agreed to do. The said undertaking contained the following conditions:

"We further agree that all persons who perform labor or furnish materials to the parties of the second part in said contract, or any person acting for them or by their authority, upon or in connection with the said contract, shall be paid in full for such labor and material; and we do hereby jointly and severally guarantee to all such persons the payment in full of all their claims, and hold ourselves responsible to them in the sum of three thousand dollars, or as much as may be necessary of the said sum, to pay them in full for all labor and materials furnished for said parties of the second part under said contract, or for any person acting for them or by their authority.

"This bond is intended to inure to the benefit of the parties of the first part in the above contract, and also to the benefit of all persons who perform labor or furnish materials for the parties of the second part in said contract, or for any person acting for them or by their authority.

"Witness our hands and seals, this 1st day of November, 1895.

"A. D. TURNER.

"J. L. VERMEIL."

That after the said contract was made and said undertaking given, the said Antonelle in due time entered upon the construction of the said tunnel in accordance with the said contract. "That the plaintiffs herein, relying upon said bond, furnished to the said J. S. Antonelle, at his special instance and request, between the dates of 10th and 31st of December, 1895, and with the full knowledge and consent of the said bondsmen, A. D. Turner and J. L. Vermeil, labor and material to the value of $4,968.75, which labor and material was used in the construction of said tunnel with the full knowledge, consent, and at the instance and request of said defendants."

That the defendants, although requested, refused to pay plaintiffs the said sum of $4,968.75 or any part thereof. Judgment was prayed for said sum and costs. Defendant Antonelle made no appearance, and his default was duly entered. The case was tried in the court below without a jury, findings filed, and judgment entered thereupon in favor of the plaintiffs. The court found that the plaintiffs did "furnish to the said J. S. Antonelle labor and material to the value of $4,968.75," which said labor and material were used by said Antonelle in the construction of the said tunnel. The finding above quoted is in accordance with the allegations of the complaint, and is the vital finding upon which the court evidently based its conclusions of law in favor of plaintiffs and against appellants Turner and Vermeil. The appellants specifically attack the finding as being without support in the evidence, and we are of opinion that there is no evidence in the record to support it. The only evidence in any way bearing upon the finding is that of the plaintiff Cadenasso. He testified: "We advanced this $4,900 under these agreements. . . . . The amount of money advanced by us, and for which this action is brought, is as follows, viz: Cash advanced to J. S. Antonelle & Co., $4,968.75." While the same witness was upon the stand the court addressing him, said: "As I understand it, you furnished certain moneys to Mr. Antonelle, and as security for that you received an assignment of this contract, and in addition to getting your money back you were to get half of the profits? A. Half of the profits."

In the discussion of the evidence and issues and in answer to questions of the court, the attorney for plaintiffs, addressing the court, said: "Our position is just this, that Cadenasso advanced this money under the bond and took personal security—the assignment to secure him for the money advanced, and, to pay him for the use of the money, one-half of the profits of the transaction."

It is therefore apparent from the record, from the only evidence in the record and from the statement of counsel to the court, that the testimony as to the "money advanced" was what plaintiffs relied upon in support of the allegation of "labor and material furnished" by plaintiffs to Antonelle. The court in the finding evidently treated the evidence as to money being ad-

vanced as the equivalent of "labor and material." In this we think the learned judge was in error. Money is not labor, and it is not "material furnished" in the sense of the undertaking and the complaint.

The appellants Turner and Vermeil were sureties for Antonelle, and it is elementary law that sureties are never bound beyond the strict letter of their contract. They have a right to stand on the precise terms of their contract, and there is no authority for extending their liability beyond the stipulation to which they have chosen to bind themselves. In this case they bound themselves "to all persons who perform labor or furnish materials to the parties of the second part." The plaintiffs did neither. Under the mechanic's lien law of this state in favor of laborers who perform labor upon, and materialmen who furnish material to be used in the construction of a building, it was held that one who advanced money as a loan with which to buy material was not entitled to the benefit of the statute. (*Godeffroy v. Caldwell*, 2 Cal. 492; 56 Am. Dec. 360.) In the opinion it is said: "One who advances money as a loan, although it is expressly for the payment of materials and labor devoted to the erection of a building, can have no claim to the benefit of the law."

In *Dart v. Mayhew*, 60 Ga. 104, it was held that creditors furnishing money to sawmills have no lien under the act of 1868 and 1873 and the code. The language of the act is: "All persons furnishing sawmills with timber, logs, provisions, or any other thing necessary to carry on the work of sawmills, shall have liens on said mills and their products." In the opinion it is said: "While, therefore, money is necessary in one sense to carry on the work of a sawmill by buying the things necessary for that work, still it is not primarily the thing necessary. It buys what is used to carry it on from others. The people who actually furnish the timber or provisions or other things necessary have the lien; the money lender does not. If it had been the intention of the legislature to give such a lien, money would have been included under its own name and not under the general words 'or any other thing necessary.' "

The statute of Texas (Paschal's Digest, art. 7112) provides: "Any person or firm, artisan or mechanic, who may labor, fur-

nish material . . . . to erect any house or improvement . . . . shall have a lien on the lot or lots, or land necessarily connected therewith, to secure payment for labor done, material, and fixtures furnished for construction or repairs."

In the construction of this statute the supreme court said: "The statute under consideration seems sufficiently broad to embrace any person who might furnish material, yet the evident intention of the legislature in the use of this term was to include some character of material which entered into the structure of the building and formed a component part of it, and not a loan of money with which to purchase the same." (*Gaylord v. Loughridge,* 50 Tex. 577. To the same effect see Boisot on Mechanics' Liens, sec. 114; Phillips on Mechanics' Liens, 3d ed., sec. 159; *Weathersby v. Sleeper,* 42 Miss. 732, 741; *Brown v. Rodocker,* 65 Iowa, 55.)

While the present case does not involve any question as to a claim of lien, the authorities quoted are in point as illustrating the meaning to be given to the clause of the undertaking. It follows the language of section 1203 of the Code of Civil Procedure in regard to the undertaking to be given by the contractor under the law of this state as to mechanics' liens. The language of the portion of the section in point is: "Said bond shall by its terms be made to inure to the benefit of any and all persons who perform labor for or furnish materials to the contractor."

The question here is as to whether evidence that plaintiffs furnished money will support the finding that they furnished material, and we think it will not, either upon reason or authority. It is claimed that plaintiff Cadenasso testified that $1,600 was for material. He did in one part of his evidence say that he believed something like $1,600 was for material. He did not state what the material was, nor where nor to whom it was delivered. If this, in view of the other evidence of Cadenasso, were sufficient to support any finding as to material furnished, it would not change the result here. The witness said that he received under the contract $1,140, which was credited on account of materials. This would leave only $430 due for materials. This would not support the finding that $4,968.75 was due plaintiff for labor and materials furnished to defendant Antonelle.

The sixth finding, to the effect that the plaintiffs were not at any time partners of Antonelle, is supported by the evidence. The assignment by Antonelle of his contract and all sums due or to become due under it, with an agreement to divide the profits with plaintiffs for the use of the money advanced, did not make the plaintiffs partners of Antonelle. (*Hanna v. Flint*, 14 Cal. 74; *Nofsinger v. Goldman*, 122 Cal. 610; *Coward v. Clanton*, 122 Cal. 454; *Eastman v. Clark*, 53 N. H. 276; 16 Am. Rep. 192.)

Under the views herein expressed it becomes unnecessary to discuss other points.

As defendant Antonelle has not appealed the judgment is in full force against him.

We advise that the judgment and order as to appellants Turner and Vermeil be reversed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order as to appellants Turner and Vermeil are reversed.

McFarland, J., Henshaw, J., Temple, J.