[L. A. No. 4642. Department One.—February 11, 1919.]

PACIFIC WOOD & COAL COMPANY (a Corporation), Appellant, v. GEORGE H. OSWALD et al., Respondents.

Contract—Public Work — Bond for Labor and Material — Construction.—Statutes requiring bonds for the protection of persons dealing with contractors on public work are different in their purpose and effect from acts for the establishment and enforcement of mechanics' liens, and the reasons for giving a limited construction to the latter are not applicable to the former.

Road District Improvement Act — Construction — Claim for Supplies.—A claim for hay, grain, and other supplies furnished to a subcontractor for feeding and maintaining horses and mules used in the performance of a contract for road work done under the "Road District Improvement Act of 1907" (Stats. 1907, p. 806), can be maintained in an action upon a bond accompanying the contract, the bond requiring payment for "materials furnished for

or in doing of the work," irrespective of the presence or absence of the word "supplies."

ID.—CONSTITUTIONALITY OF ACT.—The provision of the Road District Improvement Act requiring the contractor to give a bond is not unconstitutional.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Reversed.

The facts are stated in the opinion of the court.

E. H. Lamme and Eugene Daney, for Appellant.

Crouch & Chambers, for Respondents.

SLOSS, J.—This action was brought upon a bond accompanying a contract for road work to be done under the "Road District Improvement Act of 1907." (Stats. 1907, p. 806.) A demurrer to the complaint was sustained, and, the plaintiff declining to amend, judgment was entered in favor of the defendants. From this judgment the plaintiff appeals.

The act to which we have referred is one authorizing the improvement of roads and streets outside of incorporated cities or towns, and the assessment of the cost upon the lands within a district to be fixed by the board of supervisors of the county. The procedure is, in its main features, similar to that provided by the Vrooman Act. (Stats. 1885, p. 147.) By section 9 it is provided that before entering upon the contract the contractor shall execute and file a bond, running to the county, in an amount not less than one-half of the contract price, "conditioned for the faithful execution of the contract by the party contracting to do the work, and the payment by him for all labor and materials furnished for or in the doing of the work. . . . Such bond shall inure as well to the benefit of any and all persons furnishing labor or materials for the work as to the county."

In this connection mention should also be made of "An act to secure the payment of the claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal or other public work." (Stats. 1897, p. 201, amended Stats. 1911, p. 1422.) The statute of 1897 is one requiring every person to whom is awarded a contract for

work for the state or by any county, city and county, city, town, or district, to file a bond in not less than half the contract price, providing that if the contractor "fails to pay for any materials or supplies furnished for the performance of the work contracted to be done, or for any work or labor done thereon of any kind, that the sureties will pay the same, in an amount not exceeding the sum specified in the bond." It will be noted that while the act of 1897 undertakes to secure payment for labor, materials, or *supplies* furnished for the performance of the work, the Road District Improvement Act of 1907 exacts a bond covering labor and materials merely. The bond here sued upon contains all of the provisions required by the Road District Improvement Act. It contains, in addition, a provision that if the contractor "fails to pay for any materials or supplies furnished for the said work," the sureties on the bond will pay the same.

The claim which the plaintiff here seeks to enforce is one for hay, grain, and other supplies furnished to a subcontractor for feeding and maintaining horses and mules used in the performance of the work. It is contended by the respondents, and virtually conceded by the appellant, that the articles thus furnished are not embraced within the meaning of the term "materials." The appellant seeks, however, to bring his claim within the scope of the broader term "supplies," found in the statute of 1897. The briefs are devoted, in large part, to a discussion of the question whether the bond is to be deemed governed by the provisions of this act, or by those of the Road District Improvement Act of 1907. The respondents claim that the later statute alone is applicable, and that the bond must be read without reference to the use therein of the word "supplies," which, in their view, found its way into the bond without statutory authority. We may, for the purposes of the present case, accept this position as correct. It still remains to be decided whether the plaintiff's demand is covered by a bond given under the terms of the Road District Improvement Act, and binding the sureties to pay for all "materials furnished for or in the doing of the work." In acquiescing in the respondents' assumption that this question must be answered in the negative, the appellant concedes too much. Since the filing of the briefs herein, this court has had occasion to consider the effect of statutes like the one here involved, and

has, in at least two cases, declared that such statutes must be given a broader construction than had, perhaps, been thought to be proper theretofore. In *Sherman* v. *American Surety Co.*, 178 Cal. 286, [173 Pac. 161], it was held by Department Two of this court that the rental of tools used in the performance of work, and the cost of transporting them to the place of use, could be recovered in an action on a bond given under the statute of 1897. It is true that this statute is the one which includes the word "supplies," but the decision is not placed upon this ground. The court points out that statutes requiring bonds for the protection of persons dealing with contractors on public work are different in their purpose and effect from acts for the establishment and enforcement of mechanics' liens, and that the reasons for giving a limited construction to the latter are not applicable to the former. (See *French* v. *Powell*, 135 Cal. 636, [68 Pac. 92]; *Associated Oil Co.* v. *Commary-Peterson Co.*, 32 Cal. App. 582, [163 Pac. 702].) In the Sherman case the court reviews at some length a series of decisions in the supreme court of the United States, and in inferior federal courts, dealing with the construction of section 6923 of the United States Compiled Statutes. This section requires contractors doing public work to execute a bond conditioned that they will "promptly make payments to all persons supplying them with labor and materials in the prosecution of the work provided in such contract." The provision is substantially the same as that found in section 9 of our Road District Improvement Act. The federal decisions, cited in the Sherman case, unite in giving to the statute and the bond a liberal interpretation, and hold, accordingly, that the obligation of the sureties will cover such items as cartage and towage of materials, rental of cars and other equipment used by the contractor, freight charges in transporting materials, and even the cost of provisions used by a contractor in feeding his employees, where the location of the work rendered the furnishing of such board necessary. A similar result was reached by Department One in *Bricker* v. *Rollins*, 178 Cal. 347, [173 Pac. 592]. The opinion in that case did, it is true, refer to the inclusion in the statute and the bond of the "more comprehensive word 'supplies.'" It relied, however, on the authority of the Sherman case and the cases there cited. In their rea-

soning, as well as in their citation of authority, the Sherman and the Bricker cases must, therefore, be regarded as authority for the conclusion that items like the one here claimed are recoverable under a bond requiring payment for "materials furnished for or in the doing of the work," irrespective of the presence or absence of the word "supplies."

The contention of respondents that the provision of the Road District Improvement Act requiring the contractor to give a bond is unconstitutional is sufficiently answered by a reference to *Barber Asphalt Paving Co.* v. *Bancroft,* 167 Cal. 185, 191, [138 Pac. 742].

The views expressed above render it unnecessary to consider other points argued.

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.