[Civ. No. 6397. First Appellate District, Division Two.—May 28, 1928.]

ARATA & PETERS, INC. (a Corporation), Appellant, v. SNOW MOUNTAIN WATER AND POWER COMPANY (a Corporation) et al., Respondents.

W. T. Plunkett for Appellant.

Max Thelen, Benjamin C. Jones, Thelen & Marrin and Pillsbury, Madison & Sutro for Respondents.

NOURSE, J.—Plaintiff sued to foreclose a mechanic's lien for foodstuffs furnished the contractor under a private contract. A demurrer to the third amended complaint was sustained without leave to amend and a judgment of dismissal as to the Water Company followed. Plaintiff appeals upon a typewritten record.

The amended complaint alleges that the plaintiff furnished to the contractor certain articles of food con-

sisting of fruit, vegetables, onions, beans, and potatoes, all of which "were actually used and consumed in the construction work" on a dam which the contractor was building for the Water Company under written contract. The usual allegations as to the failure to pay, the filing of a lien, and the amount due the contractor from the owner followed, but these do not call for consideration on this appeal. The essential question is whether a mechanic's lien will lie under our statutes for the character of supplies alleged to have been furnished.

Section 1183 of the Code of Civil Procedure, permits "mechanics, materialmen, . . . and all persons . . . furnishing materials to be used or consumed in . . . the construction . . . of any building, . . . or other structure" to have a lien upon the property "upon which they have bestowed labor or furnished materials, for the value of such materials furnished and for the value of the use of such appliances, teams or power." Prior to the amendment of the section in 1911 it was held that the section did not authorize a lien for the wages of a cook engaged to cook meals for the employees of a contractor under a private contract. (*McCormick* v. *Los Angeles City Water Co.*, 40 Cal. 185, 187) or for one who supplied meat to be consumed by the employees of a mine. (*Malone* v. *Big Flat G. M. Co.*, 76 Cal. 578, 586 [18 Pac. 772].) The purport of the decisions is that the materials which are made lienable are those only which have entered into the construction of the structure under contract. (*Ensele* v. *Jolley*, 188 Cal. 297, 300 [204 Pac. 1085], and cases cited.) This rule has been uniformly followed in other states. (*Carson & Co.* v. *Shelton*, 128 Ky. 248 [15 L. R. A. (N. S.) 509, 107 S. W. 793]; *Ferguson* v. *Despo*, 8 Ind. App. 523 [34 N. E. 575, 576]; *Pennsylvania Co.* v. *Mehaffey*, 75 Ohio St. 432 [116 Am. St. Rep. 746, 9 Ann. Cas. 305, 80 N. E. 177, 181]; *Armour & Co.* v. *Western Construction Co.*, 36 Wash. 529 [78 Pac. 1106, 1107]; *Tsutakawa* v. *Kumamoto*, 53 Wash. 231 [101 Pac. 869, 871, 102 Pac. 766]; *Dudley* v. *Toledo, A. A. & N. M. Ry. Co.*, 65 Mich. 655 [32 N. W. 884, 886].)

Appellant argues that the rule of these cases is no longer applicable because the amendment to section 1183 of the Code of Civil Procedure in 1911 broadened the scope of the Mechanic's Lien Act so as to include all persons "be-

stowing skill or other necessary services" or furnishing materials to be used "or consumed" in the construction or alteration of any building or structure, and because the legislature declared that the act of 1911 should be liberally construed. (Sec. 14.) The addition of the words "or consumed" has led to the ruling that a lien may be enforced for the value of lumber used as forms for holding concrete in place where such use destroyed the value of the lumber. (*Consolidated Lumber Co.* v. *Bosworth, Inc.*, 40 Cal. App. 80, 91 [180 Pac. 60]; *Olson-Mahoney Lumber Co.* v. *Dunne Inv. Co.*, 30 Cal. App. 332, 344 [159 Pac. 178].) But the rule of these cases is that the lumber was "material" used in the actual work of construction, and the word "materials" as used in the mechanic's lien statutes has been interpreted and applied to include "the substance or matter of which anything is made or may be made." (Webster Dict.) There is a well-defined distinction between the word "materials" as used in statutes of this nature, and the word "provisions," which relates to "a stock of food." (Webster Dict.) This distinction having been recognized long prior to the amendment of 1911 it is fair to assume that the legislature used the word "materials" in accordance with the accepted meaning of the term, and that, if it had intended to grant a lien to one who has furnished provisions, such as foodstuffs, to be used and consumed by the employees of a contractor under a private contract, it would have used the term in the amendment.

Appellant insists that we should apply the rule of *Bricker* v. *Rollins & Jarecki*, 178 Cal. 347 [173 Pac. 592], where recovery was allowed for provisions furnished a contractor performing work under a public contract with a county. The case is not in point. It was a suit against the surety on a bond of the contractor, which was given under a special statute (Stats. 1897, pp. 201, 202), which required a bond conditioned that if the contractor failed to pay for materials "or supplies" furnished under the contract the surety would pay for them. The rule of the decision is that provisions furnished to be consumed by the men or the teams during the progress of the work came under the head of "supplies" as used in the bond. The distinction between the mechanic's lien statute and this statute

relating to bonds required of contractors in public work is pointed out in *Sherman* v. *American Surety Co.*, 178 Cal. 286, 289 [173 Pac. 161], and *Pacific Wood & Coal Co.* v. *Oswald*, 179 Cal. 712, 715 [178 Pac. 854]. It is true that, in the latter case, the court said that an action would lie on the bond for feed furnished for the teams used by a subcontractor on the work, though the statute under which the bond was given did not expressly require surety for payment of "supplies," but the court took particular care to limit the holding to actions on bonds as distinguished from actions on liens filed under the mechanic's lien statutes.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1928.

All the Justices present concurred.