[Civ. No. 3456. Third Appellate District.—June 27, 1928.]

LINDER HARDWARE COMPANY (a Corporation), Respondent, v. NIEL KELLEY, Defendant; C. S. ROBY, Appellant.

Russell & Heid for Appellant.

G. W. Zartman for Respondent.

HART, Acting P. J.—This is an action for the foreclosure of certain alleged materialmen's liens for materials furnished defendants, which, it is alleged, were used in the work of improving certain real property. The complaint is in three counts and thus sets forth the alleged claims of three different alleged lien claimants, to wit: W. H. Wilbur (count one), J. M. Dye (count two) and B. S. Gurnee (count three). Each of said alleged lien claimants, so the complaint states, by an instrument in writing, assigned his alleged claim to the plaintiff here, "who is now the owner and holder thereof." At the trial, the alleged claim of J. M. Dye was abandoned. The court found that the defendants were indebted to the plaintiff in the total sum of $448.45, representing the respective claims of the plaintiff's assignors, Wilbur and Gurnee, and by its decree adjudged that said total sum constituted "a valid lien on the premises" therein described, and further adjudged that "said premises be sold, or so much thereof as may be necessary to raise the amount due to the plaintiff from said defendants," etc. A motion for a new trial by the defendants was denied. This appeal is from the judgment.

The record shows that during the month of January, 1925, the defendant Kelley and the defendant Roby entered into a written agreement whereby Kelley agreed to level, check and ditch for Roby one hundred acres of a certain tract of land belonging to the latter, and which is situated in Tulare County. It is averred in each of the counts or causes of action set forth in the complaint that each of the alleged lien claimants, at different times during the progress of the work which said Kelley had agreed to perform for said Roby, "furnished to said Niel Kelley, and which was used feeding the teams employed in doing the

work done on said land under said contract . . . a certain quantity of hay at the agreed price of ($20.00 per ton in the case of Wilbur, of $18.00 per ton in the case of Dye and of $20.00 per ton in the case of Gurnee); that none of said claims has been paid; that on the eighth day of July, 1925, said Wilbur and said Dye, and on the thirteenth day of July, 1925, said Gurnee, each "filed in the office of the County Recorder of said County of Tulare a notice of lien for the purpose of securing and perfecting a lien for the moneys due him as aforesaid, upon the lands hereinbefore described, under the provisions of Chapter 2 of Title IV of the Code of Civil Procedure of the State of California and which lien was on said day recorded in Vol. —— at page ——, a copy of which lien is hereto attached," etc.

█ It is contended by the defendants that hay supplied to the contractor to be used and used by the latter in feeding horses or other work animals employed in the performance of any work of improvement upon the real property of the owner thereof does not constitute lienable material under the mechanic's and materialmen's lien law of this state. The contention is sound and must be sustained. In support of this conclusion, if it needs support other than that afforded by the language itself of the provisions of the statutes enacted in pursuance of the mandate of section 15 of article XX of our constitution, we need go no further than the case of *Arata & Peters, Inc.*, v. *Snow Mountain Water & Power Co.*, recently decided by the court of appeal of the first appellate district, in an opinion by Justice Nourse, and reported in 92 Cal. App. 227 [267 Pac. 932]. We here quote from the opinion in that case the following:

"The amended complaint alleges that the plaintiff furnished to the contractor certain articles of food consisting of fruit, vegetables, onions, beans and potatoes, all of which 'were actually used and consumed in the construction work' on a dam which the contractor was building for the Water Company under written contract. The usual allegations as to the failure to pay, the filing of a lien, and the amount due the contractor from the owner followed, but these do not call for consideration on this appeal. The essential question is whether a mechanic's lien will lie under our

statutes for the character of supplies alleged to have been furnished.

"Section 1183, Code of Civil Procedure, permits 'mechanics, materialmen . . . and all persons . . . furnishing materials to be used or consumed in . . . the construction . . . of any building, . . . or other structure' to have a lien upon the property 'upon which they have bestowed labor or furnished materials, for the value of such materials furnished and for the value of the use of such appliances, teams or power.' Prior to the amendment of the section in 1911 it was held that the section did not authorize a lien for the wages of a cook engaged to cook meals for the employees of a contractor under a private contract (*McCormick* v. *Los Angeles City Water Co.*, 40 Cal. 185, 187), or for one who supplied meat to be consumed by the employees of a mine. (*Malone* v. *Big Flat G. M. Co.*, 76 Cal. 578, 586 [18 Pac. 772].) The purport of the decisions is that the materials which are made lienable are those only which have entered into the construction of the structure under contract. (*Ensele* v. *Jolley*, 188 Cal. 297, 300 [204 Pac. 1085], and cases cited.) This rule has been uniformly followed in other states. (*Carson & Co.* v. *Shelton*, 128 Ky. 248 [15 L. R. A. (N. S.) 509, 107 S. W. 793]; *Ferguson* v. *Despo*, 8 Ind. App. 523 [34 N. E. 575, 576]; *Pennsylvania Co.* v. *Mehaffey*, 75 Ohio St. 432 [116 Am. St. Rep. 746, 9 Ann. Cas. 305, 80 N. E. 177, 181]; *Armour & Co.* v. *Western Const. Co.*, 36 Wash. 529 [78 Pac. 1106, 1107]; *Tsutakawa* v. *Kumamoto*, 53 Wash. 231 [101 Pac. 869, 871, 102 Pac. 766]; *Dudley* v. *Toledo, A. A. & N. M. Ry. Co.*, 65 Mich. 655 [32 N. W. 884, 886].)"

The opinion proceeds to negatively answer the argument of the appellant (the alleged lien claimant), by which it undertook to maintain that, after the decision of the cases referred to in the above quotation, the legislature by an amendment of section 1183 of the Code of Civil Procedure (involving the basic provisions of the mechanic's lien statutes) had "broadened the scope of the Mechanic's Lien Act, so as to include all persons 'bestowing skill or other necessary services' or furnishing materials to be used or 'consumed' in the construction or alteration of any building or structure, and because the legislature declared that the act of 1911 should be liberally construed (sec. 14, Stats.

1911, p. 1313),'' and that, therefore, the cases cited in the opinion were not in point. As already in effect stated, we agree with the reasoning and the conclusion in that case. It is decisive of the instant case.

The judgment is reversed.

Bartlett, J., *pro tem.*, and Plummer, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1928.