ILLINOIS SURETY CO. v. CITY OF GALION et al.

(District Court, N. D. Ohio, E. D. May 25, 1913.)

No. 130.

SUBROGATION (§ 8*)—SURETY—FUNDS OF MUNICIPALITY—RIGHTS OF ASSIGNEE.
    A construction company, having a contract to build a sewage disposal plant for a city, in order to obtain funds, having given a bond with complainant as surety, contracted with a bank that it should furnish labor and materials for the work and receive estimates due from time to time, to apply on its indebtedness to the bank, which was a creditor of the company at the time of the transaction. Held, that the relation of the construction company and the bank was that of debtor and creditor only, and that the equities of the surety under its right of subrogation to the rights of the contractor were superior to those of the bank, so that the bank was only entitled to such part of a final payment under the contract

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes
    211 F.—11

as remained after payment of all claims for material and labor arising under the contract.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 19; Dec. Dig. § 8.*]

In Equity. Suit by the Illinois Surety Company against the City of Galion and others. Decree for complainant.

J. H. Wenneman, of Cleveland, Ohio, and A. J. Hopkins, of Chicago, Ill., for complainant.

Carl Gugler, City Sol., and W. J. Geer, both of Galion, Ohio, for defendants.

DAY, District Judge. It appears that the city of Galion, desiring to construct a sewage disposal plant, went through the usual procedure required by law, and finally let the contract to the United States Construction Company. This contract was secured by a bond upon which the complainant, the Illinois Surety Company, was surety. The bond was signed by the surety company on the 28th day of May, 1910, and it provided, among other things, that the construction company should pay all just and legal claims for labor performed upon, and for materials and supplies furnished for, the work specified in the contract calling for the construction of the sewage disposal plant.

About this time the construction company was a debtor of the First National Bank of Galion. It desired further credit, which was at first refused; but later the bank entered into a contract with the construction company on the 3d day of December, 1910. The bank notified the surety company of the condition of affairs and of the entering into this contract, but received no response from the surety company. Under this contract between the bank and the construction company the bank agreed to furnish labor and material for the sewage disposal job, and to receive the estimates due from time to time from the city of Galion to apply on the indebtedness of the United States Construction Company to the bank, which was a debtor of the bank at the time of this transaction.

The amount of the final estimate has been paid by the city into the registry of this court, and the questions which arise are on the distribution of this fund. The bank claims that it is entitled to have this money belonging to the city paid to it, that it is entitled to have its claims paid either by the contractor or by his bondsman, and that, by virtue of having paid for work and labor, it is subrogated to all the rights of the original creditors. The surety company claims that this fund is in equity subject to the payment of any unpaid material and labor claims that went into the construction of the sewage disposal plant, and that its equities are superior to the bank's equities.

It is conceded by counsel for the bank that if the testimony in this case establishes the relationship of debtor and creditor, as between the First National Bank and the United States Construction Company, that it would be entitled to nothing more out of the fund now in court than the surplus left after paying all the other claims for labor and material which are yet unpaid. The cashier of the bank testified that

all of the money paid by the bank was paid under the contract that it had with the United States Construction Company.

When these various claims for labor and materials were paid, a paper introduced as Exhibit 4 was taken from the laborers or materialmen by the bank. It is claimed, on behalf of the bank, that it was an equitable assignment of the claim so paid. Without going into a detailed enumeration of the authorities, I am of the opinion that this did not constitute an assignment. It appears to me that, bearing in mind the situation of the parties, their relations with one another, and the necessities of the situation, the contract between the bank and the construction company was an agreement on the part of the bank to furnish to the construction company money to finance the contract, for which the construction company was to execute evidence of indebtedness to the bank. This transaction created the relation of debtor and creditor between the bank and the construction company for all the claims that have been paid.

The equity of the surety company is superior to that of the bank advancing this money to the contractor, and the surety company is subrogated to the rights of the contractor, but the bank is not. Henningsen v. United States Fidelity & Guaranty Co., 208 U. S. 404, 28 Sup. Ct. 389, 52 L. Ed. 547; Prairie State Bank v. United States, 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412; Hardaway v. National Surety Company, 150 Fed. 465, 80 C. C. A. 283; United States v. Rundle, 107 Fed. 227, 46 C. C. A. 251, 52 L. R. A. 505. It was the business of this bank to loan money, and not, as a national bank, to supply labor and material, to a contractor.

I am of the opinion that the fund now in court is subject to the payment of all unpaid labor and material claims that went into the work of construction of the sewage disposal plant at Galion, and that the complainant has a right in equity to see that this money, which has been paid into court, should be applied to the liquidation of all claims for material and labor that have arisen under the contract in question, and that the bank is not entitled to anything more out of the fund in court than such rights as it might properly assert to the surplus remaining after all the other claims have been paid.

A decree may be entered in conformity to this memorandum.