PEOPLE'S NATIONAL BANK *v.* JAMES CORSE.

(*Nashville.*   December Term, 1915.)

1. **UNITED STATES.** Contracts. Bond of contractor. Liability on.

A bank which furnishes money to a federal contractor to pay for materials or labor does not come within a bond guaranteeing performance of the contract, and conditioned that the contractor shall promptly make payment to all persons supplying labor or material.   (*Post, p.* 723.)

Cases cited and approved:   United States v. Rundle, 107 Fed., 227;   Illinois Surety Co. v. City of Galion (D. C.), 211 Fed., 161;   Hardaway v. National Surety Co., 211 U. S., 552;   McDonald v. Railroad, 93 Tenn., 281;   Smith v. Neilson, 81 Tenn., 461.

2. **SUBROGATION.** Right to subrogation.  Volunteers.

Where a surety on the bond of a government contractor completed the work, its right to subrogation to the rights of the federal government was superior to the right of a bank which advanced money to the contractor for payment of labor and materials, though the bond guaranteed performance, and was conditioned upon payment of all claims for labor and material. (*Post, pp.* 723, 724.)

Case cited and approved:   Henningsen v. U. S. Fidelity, etc., Co., 208 U. S., 404.

3. **UNITED STATES.**   Priorities.   Right to.

The United States' right of priority in payment of debts due it is not an attribute of sovereignty, but depends on the acts of Congress.   (*Post, pp.* 724-726.)

Cases cited · and approved:   Den v. Deaderick, 9 Tenn., 125;   Camman v. Bridgewater, etc., Co., 12 N. J. Law, 84;   United States v. State Bank, 6 Pet. (31 U. S.), 29;   Re Devlin (D. C.),

People's Nat. Bank v. Corse.

180 Fed., 170;  U. S. v. Hooe, 7 U. S., 73;  Beaston v. Farmers' Bank, 12 Pet. (37 U. S.), 102;  Watkins v. Otis, 2 Pick. (19 Mass.), 88;  U. S. v. Williamson, 5 Dillon, 275;  U. S. v. Canal Bank, 3 Story, 79;  State v. Foster, 29 L. R. A. 226.

4.  **UNITED STATES.  Priorities.  Liens.**

Under Revised Statutes, section 3466 (U. S. Comp. St. 1913, section 6372), providing that, where a debtor is insolvent or the property of an absconding debtor is attached, claims due the United States shall first be satisfied, the federal government has no lien on the property of its debtors as such.  (*Post, pp.* 724-726.)

5.  **UNITED STATES.  Priorities.  Right to.  "Absent debtor."**

The property of a nonresident government contractor was attached in the State Courts.  The surety on the contractor's bond replevied it, and, completing the building, claimed subrogation to any priority of the federal government, under Rev. St., sections 3466, 3468 (U. S. Comp. St. 1913, sections 6372, 6374), declaring that whenever and person indebted to the United States is insolvent, or when the estate of an absent debtor is attached, debts due the United States shall be first satisfied, and that whenever the principal in any bond given the United States is insolvent, and the surety pays to the United States money due, the surety shall have like priority.  *Held*, that though a nonresident debtor be deemed an absent debtor within the statute, yet the United States had no priority, as the attachment did not operate as a sequestration of the contractor's property for distribution among his creditors, and hence the surety had none.  (*Post, pp.* 724-726.)

6.  **ATTACHMENT.  Replevy bond.  Judgment.**

In attachment, where defendant intervened, replevying the property, under Shannon's Code, section 5269, sections 5131-5144, relating to actions of replevin, and providing for alternative judgments for monetary value of property or its return, are not applicable, and, judgment going against the intervener, there should be no provision for return.  (*Post, pp.* 726, 727.)

Code cited and construed:  Secs. 5131-5144, 5269 (S.).
133 Tenn. 46

FROM ROBERTSON

Appeal from the Chancery Court of Robertson County.—J. W. STOUT, Chancellor.

J. E. GARNER and SMITH & BERRY, for appellant.

TRUE & DORSEY, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The United States let a contract for the erection of a post office building in Springfield to Corse, who executed a bond to the government, with the New England Casualty Company as surety. This bond guaranteed the performance of the contract, and con- tained a clause to the effect that the contractor should promptly make payment to all persons supplying labor or materials in the prosecution of the work contem- plated by the contract.

Corse borrowed money of complainant bank, which was used to pay for such labor and material. The bank filed a bill of attachment on the ground that Corse was a nonresident of the State, and caused a lot of materials to be attached, which materials were at the time stored near the public building, then in course of construction, and in railway cars, unloaded at the time, as the property of Corse. It had been ordered by and consigned to him.

The surety company in that cause filed its petition of intervention to set up its claims, and executed a replevy bond in a sum equal to the value of the material for the release of the same from the levy of the attachment. The contentions, outlined below, were so far ruled in favor of the bank by the chancellor as that a recovery on the bond for its amount was allowed.

One of the claims of the surety company is that it is entitled to be subrogated to the right of the United States, it having completed the building and complied with the contract of its principal, Corse.

A claim of the appellee bank is that the surety must fail, because the bank was itself entitled to look to the bond and to appellant as surety thereon, on account of the fact that it advanced money to contractor Corse which went to pay for materials wrought into the building. This is not maintainable. Money furnished by a bank for the specific purpose of paying for materials or labor is not thereby placed within the protection of the provisions of such a bond. *United States, for use, etc.*, v. *Rundle*, 107 Fed., 227, 46 C. C. A., 251, 52 L. R. A., 505; *Illinois Surety Co.* v. *City of Galion* (D. C.), 211 Fed., 161. And see *Hardaway* v. *National Surety Co.*, 211 U. S., 552, 29 Sup. Ct., 202, 53 L. Ed., 321, affirming 150 Fed., 465, 80 C. C. A., 283. These decisions proceed upon principles recognized in our cases. *McDonald* v. *Railroad*, 93 Tenn., 281, 290, 24 S. W., 252; *Smith* v. *Neilson*, 13 Lea (81 Tenn.), 461.

The equity of the surety company, entitling it to subrogation, is held superior to that of such a volun-

teer who had advanced money to the contractor. *Henningsen* v. *U. S. Fidelity, etc., Co.*, 208 U. S., 404, 28 Sup. Ct., 389, 52 L. Ed., 547, affirming 143 Fed., 810, 74 C. C. A., 484.

The main contention of the surety for error in the chancellor's decree is that, under the federal statute, the bank could not by its attachment gain a lien on or title to the property levied on which would be superior to appellant's right of subrogation to the priority of the United States.

This claim is based on sections 3466 and 3468 of the Revised Statutes of the United States (U. S. Comp. St. 1913, sections 6372, 6374), as follows:

"Sec. 3466. Whenever any person indebted to the United States is insolvent, . . . the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

"Sec. 3468. Whenever the principal in any bond given to the United States is insolvent, . . . and . . . any surety on the bond . . . pays to the United States the money due upon such bond, such surety . . . shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent . . . as is secured

to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

It is urged that Corse was insolvent, and that the attachment by the bank was based on his nonresidence, which is claimed to be the equivalent of the term "absent debtor" in section 3466.

If the words "absent debtor" may be construed to mean nonresident (*Den* v. *Deaderick*, 1 Yerg. [9 Tenn.], 125, 135, and *Camman* v. *Bridgewater, etc., Co.,* 12 N. J. Law, 84, holding the terms not to be synonymous), and not merely to imply a resident who has removed himself from his home, we think it clearly established that the United States did not have priority, or a prior claim to the property, that prevented the bank's attachment taking precedence.

The right of the United States to priority does not rest, as does that of the States, upon any prerogative of sovereignty, but is based exclusively on acts of Congress. *United States* v. *State Bank,* 6 Pet. (31 U. S.), 29, 8 L. Ed., 308; *Re Devlin* (D. C.), 180 Fed., 170.

The federal courts have held that the above statute does not create a lien on the property as such. *U. S.* v. *Hooe,* 3 Cranch (7 U. S.), 73, 2 L. Ed., 370; *Beaston* v. *Farmers' Bank,* 12 Pet. (37 U. S.), 102, 9 L. Ed. 1017.

When the statute was enacted, the effect of an attachment of any goods of a debtor was, in some of the States of the Union, to cause a distribution among all

creditors, through the medium of a trustee for the benefit of all creditors. From an early day, the statute here involved was construed to operate to give priority to the United States only where by the law the property of the debtor was, upon being attached, thus sequestered for distribution among all of his creditors; and where, as in this State, the attaching creditor fixes a lien upon the property (subject to be perfected by judgment later entered) that inures to his own benefit, and where only the property attached is affected, the United States has no priority that overrides the lien of the attachment. *Watkins* v. *Otis,* 2 Pick. (19 Mass.), 88; *U. S.* v. *Williamson,* 5 Dillon, 275; *U. S.* v. *Canal Bank,* 3 Story, 79, 25 Fed. Cas., No. 14,715; *Beaston* v. *Farmers' Bank,* supra; note to *State* v. *Foster,* 29 L. R. A., 226, 234; 29 Cyc., 750.

If it be conceded that appellee would have a right to be subrogated to the priority of the United States upon payment of the principal debtor's obligation, under the statute or the common-law rule that he who pays the debtor's debt to the sovereign succeeds by subrogation, to the priority of the latter, the relief asked by the intervening petition must be denied for that there is here no right to priority in the United States.

The intervener and appellant contends that the chancellor was in error, in rendering a money judgment against it on the bond without providing, in the alternative, for a return of the property replevied, so far as it was not wrought into the building.

In this there is a failure to distinguish a replevin bond in an action of replevin (Code, Shannon, sections 5131-5144) and a replevy bond such as this (Code, Shannon, section 5269), which makes no provision for a return of the property affected,

In event of its being cast in the suit, a decree incorporating a judgment against the casualty company on the replevy bond for the debt, without any provision for a return of any part of the property, was therefore the correct one.   Gibson's Suits in Chancery (2d Ed.), sec. 886.

We are of the opinion that the chancellor properly decreed, on the above contentions of the casualty company, in favor of the bank.   Affirmed.