Board of Education of City of Paducah v. City of Paducah.

---

CASE 30—ACTION FOR PRO RATA OF CITY TAXES LEVIED AND COLLECTED FOR SCHOOL PURPOSES—MARCH 29.

# Board of Education of City of Paducah v. City of Paducah.

108 209
110 638
110 653

APPEAL FROM M'CRACKEN CIRCUIT COURT.

SUIT BY BOARD OF EDUCATION OF THE CITY OF PADUCAH AGAINST THE CITY OF PADUCAH, TO RECOVER TAXES ALLEGED TO HAVE BEEN COLLECTED BY DEFENDANT FOR PLAINTIFF'S BENEFIT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—EXCESSIVE LEVY FOR SCHOOL PURPOSES.

Held: 1. The fact that the fiscal agents of the city of Paducah may have levied and collected more money than was shown to be due for school purposes by the report made to them by the appellant, does not affect the rights of appellant or authorize the payment of such excess to appellant by appellee.

2. When the board of education has received from the city, the money estimated by it to be necessary for school purposes for any given year, the obligation of the city to it, for that year, has been discharged.

GREER & REED, ATTORNEYS FOR APPELLANTS.

1 While it may be difficult for this court to determine what amount the board of education ought to receive in this case, from the city, it is manifest that the board has not received by several thousand dollars, what was collected by the city for it, and which is still retained by the city, and this is all that is necessary to authorize a new trial in this action.

**Vol. 108—14**

2. The fact that the taxes may have been unlawfully levied and collected by the city, does not authorize the city to withhold it from the school board for whose benefit it was collected.

Section 223 of the City Charter, of Paducah; Ky. Stats., 3595; Louisville v. Louisville School Board, 17 Ky. Law Rep., 698; sub-section 11 of section 29, city charter; sec. 3470, Ky. Stats.; sec. 171, Ky. Const.; Spaulding v. Hill, 86 Ky., 656; Levy v. City of Louisville, 16 Ky. Law Rep., 874; secs. 172 and 174, Ky. Const.; secs. 104 and 106, city charter; Board of Councilmen of Frankfort v. Scott, 19 Ky. Law Rep., 1070; sec. 179, Ky. Const.; sec. 4020, Ky. Stats.; sec. 16, city charter; sec. 230, city charter; Maddox et al., v. Graham, &c., 2 Metcalfe, 64 and 65; Board of Education v. General Council of City of Covington, 20 Ky. Law Rep., 289; Hickman County Court v. Moore, 2 Bush, 108; Garrard County Court v. McKee, 11 Bush, 234; City of Owensboro v. Board of Trustees, &c., 10 Ky. Law Rep., 41.

R. T. LIGHTFOOT, ATTORNEY FOR APPELLEE.

The defenses relied on by the appellees (defendant in the lower court) are these:

1. A *suit at law* will not lie for the recovery of a money judgment— mandamus is the only remedy in such a case.
2. Even if a suit of this sort should have been instituted, there is nothing due the plaintiff from the defendant.
3. It is not alleged, or shown, that the city has not paid to the plaintiff all that was necessary for the purposes of conducting the schools of the city and all that was called for in its estimates.

Board of Education v. General Council, 20 Ky. Law Rep., 4; Joint Free High School Dist. v. Town of Green Grove, 77 Wis., p. 532; Fuller v. Heath, 89 Ill. Sup. C., p. 296; State v. Board of Council, 52 N. J. Law, p. 69; State v. Whitworth, 8 Lea, 594; Hon. v. State, 89 Ind., p. 249; Saginaw v. E. Saginaw Co., 44 Mich., p. 273; People v. Mahoney, 30 Mich., 100; Cass Township v. Dillon, 16 Ohio St., 38; 31 Wis., 257; State v. Burkhart, 59 Mo., 75; State v. Hammel, 31 N. J. L., 446; 64 Ind., 275; 55 N. Y., 180; Merrell on Mandamus, pages 129, 130 to 172 inclusive.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant, the Board of Education of the city of Paducah, instituted this suit against the city of Paducah to recover $13,634.52, alleged to be due it as a balance under the levy

made by the city council for the year 1896, and $10,988.40, alleged to be due it as a balance under the levy made by the city council for the year 1897, and $2,847.11, subject to a credit of $1,570, alleged to be due it as its *pro rata.* proportion of the back taxes collected during these years. The defense relied on by appellee is that it had paid to appellant the full amount of money estimated by it to be necessary for school purposes in the city of Paducah for the years 1896 and 1897, and that as a matter of fact the money so paid by it to appellant was more than sufficient to pay all current liabilities of the school board for those years, and was actually in excess of the amount estimated to be necessary by the board of education.   By section 3462 of the Kentucky Statutes, which is a section of charters of cities of the third class, to which appellee belongs, the board of education is declared to be a body politic and corporate, and is given the control and management of the public schools of the city, and of the property and funds belonging thereto, with power to contract and be contracted with.   Section 3468 provides that: "Said board shall, at the end of each scholastic year, prepare and cause to be published, a printed statement, showing the number of pupils in each school, with the general condition and educational progress made therein, the amount, character and condition of all funds and other property belonging to said schools."   And section 3469 provides further that: "Said board shall, within thirty days prior to the time prescribed for the levy to be made in the charter of cities of the third class, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing buildings, etc., thereof, and any liquidation of the liabilities during the current fiscal year, and report the same, to-

gether with the estimated amount to be received from the common school fund of the State, interest on bonds, endowments, etc., to the city auditor or clerk, who shall thereupon report the same to the general council, and said general council shall make the necessary levy, and collect the tax to provide suitable school buildings, and to defray the general expenses necessary for school purposes: provided, that the levy for any one year shall not exceed fifty cents on each one hundred dollars of value of taxable property in the city as returned by the board· of equalization. Said tax shall be paid to the board or authorized agent of same as fast as collected."

These facts appear from the evidence: On the 24th day of March, 1896, appellant submitted this report to the city council:

"We, the undersigned members of the finance committee, find upon examination of the books, etc., the following receipts and expenditures for the past current year:

Received from the city on 35-cent tax levy... $19,923 84

Received from the State of Kentucky........   9,935 91

Due from the State of Kentucky...........   1,000 00
                                          _____

  Total  ...............................  $30,859 75

### Disbursed.

Teachers' salaries, janitors, fuel, repairs and
   general current expenses of the present term $30,565 34
                                          _____

   Leaving a balance for other expenses..... $   294 41

"Basing the necessities of the coming year on the above statement, we recommend that the city council be requested to levy 35 cents on the $100 taxable property in the city of Paducah for school purposes."

And for the year 1897 the following report was made:

Amount bal. on hand......................... $    252 42
Received from the city of Paducah for 1896 levy   20,902 92
Will yet receive from the city of Paducah....    864 99

    Total  .................................. $21,767 91
Received from the State of Kentucky........   8,760 13
Estimated will yet receive from State........    973 00

    Total  .................................. $31,754 22

Estimated amount of running expenses nine
    months, at $3,250.00 per month............ $29,250 00
Additional teachers next term...............   1,215 00
For repairing buildings, etc. ...............   1,000 00

    Total  .................................. $31,465 00
    Balance for contingencies...............    289 00

"These figures are based on 35-cent levy for 1896. We recommend that the same levy of 35 cents on the $100 of the taxable property be made to defray the expenses of the coming year, and 15 cents additional for building purposes; making a total of 50 cents on the $100 taxable property."

It further appears that pursuant to these reports of the board of education the city council made a levy for 1896 of 35 cents on the $100 of taxable property in the city of Paducah for school purposes, and in 1897 made a levy of 50 cents on the $100 of taxable property for school purposes, and that the board of education received from the city for the year 1896, $21,767.91, and for the year 1897, $30,819.38, these sums being independent of and in addition to the money received by it from the State of Ken-

tucky for those years; and it is apparent from these fig-
ures that the board of education has been paid by the
city council of Paducah more money than was estimated
by the board to be necessary for school purposes for those
years.  But it is insisted for appellant that the *ad valorem*
per centum levied by the city council for the years 1896
and 1897 for school purposes realized a much larger sum
than it had estimated to be necessary, and that, having
been levied and collected for school purposes, it is en-
titled to have this excess paid over to it by the city coun-
cil, notwithstanding the fact that it received from the
city the full amount of money estimated by it to be neces-
sary, and which the records show was in fact sufficient
to discharge the current expenses of the school board for
those years, upon the theory that, having been levied
and collected for school purposes, it can not be other-
wise appropriated by the city council.  Under the charter
of cities of the third class, all legislative powers are
vested in the board of councilmen, and section 3290 of the
Kentucky Statutes makes it their duty to provide for the
payment of the debts and expenses of the city, and to
levy and collect taxes upon all property within the city
for this purpose.  They not only have to provide money
for the use of the board of education, but for every other
department of the municipal government.  Appellant has
discharged all of the duties imposed upon it by the stat-
ute in connection with the raising of money for the sup-
port of the public schools when it has approximately as-
certained the amount which will be required to defray
the expenses of maintaining the schools or improving or
constructing buildings, etc.  It is no part of its duty to
make any suggestions to the council as to how this money
is to be realized.  This is a matter which the law has im-

posed exclusively upon the city council, and must be exercised by them. They are the fiscal agents of the city, and are responsible for the proper discharge of their duty in connection with all matters connected with the revenue and taxation; and, if they have made a greater tax levy and collected more money than shown to be necessary for school purposes by the report made to them by appellant, they have violated the law in making such excessive levy. But this fact does not affect the rights of appellant, or authorize the payment of such excess to it by appellee. When the board of education has received from the city the money estimated by it to be necessary for school purposes for any given year, the obligation of the city to it for that year has been discharged, and the board of education can not legally demand, or the city pay, any greater sum from its revenues.

It is not important, and would not be proper, under the pleadings in this proceeding, to determine the disposition that should be made by the city council of the surplus money so illegally collected. Judgment affirmed.