CASE 22.—ACTION BY CARSON & CO. AGAINST G. A. SHELTON AND OTHERS TO ENFORCE AN ALLEGED LIEN FOR SUPPLIES AS A RAILROAD SUB-CONTRACTOR.—February 25.

## Carson & Co. v. Shelton, &c.

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendants, plaintiff appeals — Affirmed.

1. Railroads—Liens for "Supplies."—Groceries furnished a sub-contractor to supply his boarding house where he boarded his laborers while constructing a railroad are not "supplies" furnished for the construction of a railroad, for the price

of which the seller is entitled to a lien under Ky. St. 1903, section 2492.

2. Statutes — Construction — Meaning of Language. — In construing statutes, a word is construed in conection with the words with which it is associated, and, where several things are referred to, they are presumed to be of the same class, when connected by a copulative conjunction, unless a contrary intent appears.

BARNES & ANDERSON for appellant.

GLENN & SIMMERMAN, C. H. MOORMAN and BENJAMIN D. WARFIELD for appellees, M., H. & E. R. R. CO.

ERNEST WOODWARD and M. L. HEAVRIN for appellee Walton, Wilson, Rhodes & Co.

(No briefs, record misplaced.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Walton, Wilson, Rhodes & Co. were the general contractors for the building of the Madisonville, Hartford & Eastern Railroad. G. A. Shelton was a subcontractor under them. Shelton boarded his hands, and bought from Carson & Co. the supplies necessary for this purpose and for the feeding of his teams, as well as for his household. He failed to pay Carson & Co. the grocery bill, and they filed a claim in the county clerk's office, asserting a lien upon the railroad for the balance due them. They brought this suit to enforce their lien. The circuit court sustained a demurrer to their petition, and they declining to plead further, dismissed it. From this judgment, they appeal.

The rights of the parties are governed by section 2492, Ky. St. 1903, which is as follows: "All persons who perform or furnish labor, material, supplies or teams, for the construction or improvement of any

canal, railroad, turnpike or other public improvement in this Commonwealth, by contract expressed or implied, with the owner or owners thereof, or by subcontract thereunder, shall have a lien thereon, and upon all the property and franchise of the owner or the owners thereof, for the full contract price of such labor, material, supplies and teams so furnished or performed, which said lien shall be prior and superior to all other liens thereafter created thereon." It will be observed that the statute gives a lien to all persons who furnish labor, material, supplies, or teams for the construction of any railroad by contract, expressed or implied, with the owner, or by subcontract thereunder. The things for which the statute gives a lien are labor, material, supplies, or teams for the construction of the railroad. The material referred to is that which enters into the construction of the railroad. The labor and teams are those used in the construction of the railroad. The word "supplies" must receive a similar construction and must include such things as are used in the construction of the railroad. To construe it to refer to all supplies furnished to any subcontractor for his personal use, or for the personal use of his hands, would be to entirely disregard the rule that, in construing statutes, a word is always construed in connection with the words with which it is associated, and, where several things are referred to, they are presumed to be of the same class, when connected by a copulative conjunction, unless a contrary intent appears. The word "supplies" would include powder or dynamite used in the construction of the railroad, or fuses to set off the powder, shovels and carts with which the work was done, and the like. But the food that was furnished Shelton was not used in the construction of the rail-

road. The fact that Shelton, who was a subcontractor, also boarded his hands, is not material. If another person had run the boarding house, there would be as much ground for adjudging the supplies furnished for the hands a lien on the railroad as there is now. The plaintiff sold his groceries to Shelton. Shelton used the groceries in running his boarding house and in feeding his household, and, if there was a lien on the road for such things as these, there would be no limit to the things that would be included by the statute, and a railroad company would never be safe in settling with the contractor. In Hightower v. Bailey, 108 Ky. 208, 22 Ky. Law Rep. 88, 56 S. W. 149, 49 L. R. A. 255, 94 Am. St. Rep. 350, when we had before us a similar statute, we said: "We cannot extend the statute beyond its plain language and evident meaning. The hardships to owners are apt to be considerable, even under the terms of the statute. If the right to the lien be extended beyond its terms, then it can be extended indefinitely, and there would be no safety in contracting for the erection of a building."