[Civil No. 2651. Filed March 12, 1928.]

[264 Pac. 1081.]

D. W. RUSSELL, Trustee of the Estate of SIGNAL MINES COMPANY, a Corporation, Bankrupt, Appellant, v. CENTRAL COMMERCIAL COMPANY, a Corporation, Appellee.

Mr. J. F. Moreno, for Appellant.

Mr. Louis L. Wallace, for Appellee.

ROSS, C. J.—The Central Commercial Company sold to the Signal Mines Company goods, wares, and merchandise, consisting of mining supplies, to be

used in the latter's mining operations and of groceries, to be fed to miners and other employees in its boarding-house situate upon said mining property. The Central Commercial Company, having taken the necessary steps to perfect a lien on the mines or mining claims upon and in which said materials and merchandise were used, brought this action to foreclose such lien. After suit was brought, the Signal Mines Company was declared a bankrupt, and D. W. Russell was appointed its trustee, and, as such, was substituted as defendant.

At the trial, it was stipulated that the mines company received and agreed to pay for the goods for which the lien on its mines is claimed, but defendant claims that the items of merchandise, such as groceries and meats used to feed the miners and other employees boarding in the company boarding-house, are not lienable under the law, and that, as we conceive it, is the only question in the case.

Paragraph 3654 of the Civil Code of 1913, as amended by chapter 67, Laws of the Regular Session of 1915, concerning liens on mines and mining claims, so far as material to our question, reads as follows:

"All miners, laborers and others who may . . . furnish material or merchandise of any kind, designed or used, in or upon any mine, or mining claim, and to whom any sum is due for such labor or material or merchandise, shall have a lien upon the same for such sums as are unpaid. And said lien for labor performed, or material or merchandise furnished, shall attach to said mine, or mining claim, whenever said labor was performed, or said material or merchandise was furnished in or upon said mine or mining claim under any of the following conditions:

"(1) Under or by virtue of a contract between the person performing such labor, or furnishing said material or merchandise, and the owner of said mining claim, or his agent, trustee, receiver, contractor or contractors. . . .

"The lien herein provided for shall attach to the mine or mining claim in, or on which, said labor was performed, or material or merchandise furnished. . . . "

Paragraph 3654, *supra*, before it was amended, did not give a lien for "merchandise of any kind, designed or used in or upon any mine or mining claim," but limited the right of lien to "all miners, laborers and others" who may have labored, "and all persons" furnishing material of any kind designed or used, etc. As the statute originally existed, under the decisions it covered as lienable all sums for mining supplies, such as machinery, steel, powder, fuses, etc., designed or used in or upon the mines or mining claims being operated by the purchaser. *Carson* v. *Shelton*, 128 Ky. 248, 15 L. R. A. (N. S.) 509, 107 S. W. 793; *Grants Pass Trust Co.* v. *Enterprise Mining Co.*, 58 Or. 174, 34 L. R. A. (N. S.) 395, 113 Pac. 859; *Keystone Mining Co.* v. *Gallagher*, 5 Colo. 23. The amendment very much extended this meaning. It makes lienable, in addition, sums contracted for *"merchandise of any kind,* designed or used in or upon any mine or mining claim." (Italics ours.) "Merchandise" is a very broad word. According to 40 C. J. 641, § 2:

"It is variously defined as a commercial commodity or commercial commodities in general; any article which is the object of commerce, or which may be bought or sold in trade; any movable object of trade or traffic; anything customarily bought and sold for profit; commodities; commodities, goods, or wares bought and sold for gain; commodities or goods to trade with; goods; that which is passed from hand to hand by purchase and sale; the objects of commerce; the staple of a mercantile business; the subjects of commerce and traffic; things which are ordinarily bought and sold; wares; whatever is usually bought and sold in trade, or market, or by merchants."

The statute, as amended, evidently was intended to protect and give to merchants a lien for any kind of merchandise furnished, to be used in and upon a mine or mining claim, at the instance of the owner, or his agent, as defined by paragraph 3654 as amended, and is broad enough to include groceries and meats consumed by the mining company's miners and other employees while engaged in working in or upon the mines or mining claims. These food articles entered into and were used in and upon the mines, if not directly, indirectly, by becoming a part of the wages of the miners and other employees.

In *National Surety Co.* v. *Arizona Grocery Co. et al.,* 32 Ariz. 399, 259 Pac. 404, the question was whether the surety bond of the contractor was broad enough to cover groceries furnished such contractor, and in the opinion in that case we used this language:

"The groceries were intended to be and were absolutely consumed by the workmen on the job, and were 'materials used in the performance thereof,' as truly as explosives used in breaking the rocks used thereon."

The groceries and meats consumed by the miners and other employees while working upon the mines or mining claims involved, as stated in the above case, were used in and upon the property where the miners and other employees worked.

We note that counsel agree that they were unable to find any similar statute in any of the states, and we doubt if there is any such. The dissimilarity of the laws of other states makes the decisions thereunder of very little assistance in this case. The amendment to paragraph 3654, *supra,* was clearly intended to give merchants who sold merchandise, including groceries and meats, to mining operators, to be consumed on the mines being worked, a lien for such merchandise. If we should accept the construction contended for by the defendant, to the effect that "merchandise of any kind" simply in-

cludes mining supplies, then it added nothing to the lienable list, for, under the statute before it was amended, the sums agreed to be paid for mining supplies were lienable.

We are satisfied that the judgment establishing a lien in favor of plaintiff for groceries and meats, and also mining supplies, was in accordance with the statute.

The judgment is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.