## Massachusetts Bonding & Insurance Co. v. C. B. Duff & Co.

### (Decided Nov. 8, 1935.)

WOODWARD, HAMILTON & HOBSON and L. F. BISCHOF for appellant.

SCOTT C. DUFF and C. W. HOSKINS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

The appellant, Massachusetts Bonding & Insurance Company, was the surety on the bond of the Hope Construction Company, now insolvent, given to secure the state highway commission and "each and every person who may furnish labor, materials or supplies for use in or upon" a project for the construction of approximately seven miles of highway between Hyden and Manchester. The Hope Construction Company operated a boarding house for the benefit of its employees during the progress of this work, and the appellee, C. B. Duff & Co., furnished a large amount of groceries on credit for use in its operation. A balance of $302.33 remains unpaid, and this action was filed against the contractor and his surety to recover this amount. No defense was made by the contractor, and judgment was permitted to go against it by default. No appeal is taken from that judgment a demurrer being overruled, the surety company failed to plead further, and judgment was rendered against it for the full amount claimed. It has made a motion in this court for the allowance of an appeal.

It is alleged in the petition that the contractor operated a boarding house for its employees and that "said board furnished said employees by the defendant, the Hope Construction Company, constituted and was part of the wages paid and agreed to be paid said employees engaged in the construction of said state highway under said contract and bond," and that the groceries furnished by the plaintiff were used in the payment of the employees of their wages as laborers. Plainly, it was not the intent of these statements to allege that the Hope Construction Company actually paid its employees in groceries. The only reasonable construction to be placed on the allegations is that the contractor deducted the board of each employee from his wages. We are advised in appellee's brief that this is what was done.

If the boarding house was self-sustaining, then the board deducted must have included items other than groceries, such as rent, light, heat, wages of domestics, etc.

These items were certainly not work or materials "in or upon" the highway within the reasonable contemplation of the bond. It is true that the liability of

the surety on bonds of this character must be measured by the terms of the bond, and that the presence or absence of a right to assert a mechanic's or materialman's lien is no more than a guide to interpretation. However, it is clear that the bond here given did not extend to the claim asserted by appellee any more than it did to the other items making up the board bill of the employees. The demurrer to the petition should have been sustained. Carson & Co. v. Shelton, 128 Ky. 248, 107 S. W. 793, 32 Ky. Law Rep. 1083, 15 L. R. A. (N. S.) 509; Marion Steam Shovel Co. v. Union Indemnity Co., 255 Ky. 817, 75 S. W. (2d) 541; Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S. W. (2d) 325.

The appeal is granted, and the judgment reversed.