KAREN R. BAKER, Justice, dissenting. The lead opinion affirms the circuit court’s ruling based on an erroneous reading of the statute at issue. The lead opinion holds, The statute, Ark.Code Ann. § 7-5-111 (Supp.2013), in its entirety provides “A person shall not run for election for more than |9one (1) state, county, or municipal office if the elections are to be held on the same date.” Arkansas Code Annotated section 7-5-111 plainly states that “[a] person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date.” Here, the phrase, “more than one” means two or more, and “state, county, or municipal” are adjectives modifying the word “office.” See id. In other words, the plain language of section 7-5-111 dictates that Roberson was prohibited from running for two offices — in this instance, Justice of the Peace, a county office, and Helena-West Helena City Treasurer, a city office — when elections for both offices were held on November 4, 2014. The lead opinion’s interpretation is inaccurate and ignores our rules of statutory interpretation and plain English. First, “we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation.” James v. Pulaski Cnty. Cir. Ct., Fifth Div., 2014 Ark. 305, 439 S.W.3d 19 (internal citations omitted). Second, the statute is clear in plain English. The lead opinion ignores the plain English of the statute and constructs a contrary interpretation in abrogation of generally accepted grammatical rules and our own rules of statutory interpretation without citation to any authority. In reviewing the statute, “One (1)” modifies each element of the following series-state, county, or municipal. Here, the number “One (1)” is applied to the series.[1] Instated differently, a person shall not run for election for more than one (1) state office, more than one (1) county office, or more than one (1) municipal office if the elections are to be held on the same date. “Under generally accepted rules of syntax, an initial modifier ‘will tend to govern all elements in the series unless it is repeated for each element.’ ...; see United States Fid. & Guar. Co. v. Fireman’s Fund Ins. Co., 896 F.2d 200, 203 (6th Cir.1990) (per curiam)(holding that the reasonable construction of the phrase ‘negligent act, error, or omission’ is that the policy covers only negligent and not intentional conduct); Ward Gen. Ins. Servs., Inc. v. Emp’rs Fire Ins. Co., 114 Cal.App.4th 548, 7 Cal.Rptr.3d 844 (2003) (stating that ‘fmjost readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless another adjective appears’).; Lewis v. Jackson Energy Coop. Corp., 189 S.W.3d 87, 92 (Ky.2005) (stating that it is ‘widely accepted that an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series | ^unless another adjective appears.’).” Wash. Educ. Ass’n v. Nat’l Right to Work Legal Defense Found., Inc., 187 Fed.Appx. 681 (9th Cir.2006). Where several things are referred to in the statute, they are presumed to be of the same class when connected by a copulative conjunction unless a contrary intent is manifest. Carson & Co. v. Shelton, 128 Ky. 248, 107 S.W. 793 (Ct.App.1908). Further, “[i]t is also widely accepted that an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears.” Lewis v. Jackson Energy Coop. Corp., 189 S.W.3d 87, 92 (Ky.2005); see also Ryder v. USAA Gen. Indem. Co., 938 A.2d 4, 7-8 (Me.2007) (noting “standard grammatical rule that,when an adjective modifies the first of a series of nouns, a reader will expect the adjective to modify the rest of the series as well (i.e. ‘bodily injury, [bodily] sickness, or [bodily] disease’ ”)).[2] Additionally, in People v. Lovato, No. 11CA1227, — P.3d -, -, 2014 WL 4458944, at *4 (Colo.App. Sept. 11, 2014), the Colorado Court of Appeals recently interpreted a criminal statute that involved a series of terms and explained When there is a series of words or a phrase with an adjective at the beginning, [m]ost readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless another adjective appears. For example, if a writer were to say, “The orphanage relies on donors in the community to supply the children with used shirts, pants, dresses, and shoes,” the reader expects the adjective “used” to modify each element in the series of nouns, “shirts,” “pants,” “dresses,” and “shoes.” The reader does not expect the writer to have meant that donors supply “used shirts,” but supply “new” articles of the other types of clothing. Ward Gen. Ins. Servs., Inc. v. Emp’rs Fire Ins. Co., 114 Cal.App.4th 548, 7 Cal.Rptr.3d 844, 849 (2003); see also Lewis v. Jackson Energy Coop. Corp., 189 S.W.3d 87, 92 (Ky.2005) (“[A]n adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase. In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears.”); In re Estate of Pawlik, 845 N.W.2d 249, 252 (Minn.Ct.App.2014) (Under the series-qualifier canon of statutory construction, “ ‘when several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.’ ” (quoting Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 348, 40 S.Ct. 516, 64 L.Ed. 944 (1920))); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts, 147 (2012) (“When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a preposi-tive or postpositive modifier normally applies to the entire series.”). Furthermore, this interpretation is also supported by Reading Law: The Interpretation of Legal Texts that provides in pertinent part “when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 147 (1st ed.2012). Reading Law: The Interpretation of Legal Texts also provides the following example to explain pre-positioned modifiers: The Fourth Amendment begins in this way, with a prepositive (pre-positioned) modifier (unreasonable) in the most important phrase: “The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated. ... ”• The phrase is often repeated: unreasonable searches and seizures. Does the adjective unreasonable qualify the noun seizures as well as the noun searches ? Yes, as a matter of common English.... In the absence of some other indication, the modifier reaches the entire enumeration. Id. (emphasis in original). Finally, also in support of this interpretation is Ark.Code Ann. § 21-5-107 (Repl. 2004), “Dual office holders, compensation,” which clearly permits “dual office holders” but prohibits compensation for both offices. Ark.Code Ann. § 21-5-107 provides in pertinent part: (a)(1) A person holding more than one (1) elective office shall be entitled to receive compensation from only one (1) of the offices held. (2) The person shall select the office from which he or she may receive compensation by filing a statement with the Secretary of State and the disbursing officer of each governmental entity in which he or she holds an elective office. | iSHere, the statute should be plainly read as stating that a person shall not run for election for more than one state office, [one] county office, or [one] municipal office if the elections are to be held on the same day. We are required to give meaning to every word where possible and we do not interpret a statute in such a way as' to leave any word void or superfluous. Curtis v. Lemna, 2014 Ark. 377, 2014 WL 4656613. However, the lead opinion relegates the words state, county, or municipal to a category of essentially meaningless adjectives modifying office that can be stricken from the statute without changing its meaning. This we cannot do. Finally, the lead opinion has necessarily disenfranchised over seventy percent of the electorate who voted for Roberson. Accordingly, I would reverse and vacate the circuit court’s order.[3] GOODSON and HART, JJ., join. . A number, or determiner, tells us how many items are in each set. In this sense, the number is a modifier. When the number is two or above, the object takes the plural form, so if the lead opinion is correct that more than one means two or more, applied as a prepositive to the series, the sentence would correctly read: A person cannot run for two or more state offices, [two or more] county offices, or [two or more] municipal offices if the elections are to be held on the same date. Thus, the meaning of the sentence does not change. . Further, I must note that the lead opinion fails to cite any authority, persuasive or otherwise, for its interpretation that "the phrase, 'more than one’ means two or more, and “state, county, or municipal” are adjectives modifying the word ‘office.’ See id.” However, that citation refers to either Carroll v. Hobbs, 2014 Ark. 395, 442 S.W.3d 834 (per curiam) or Ark.Code Ann. § 7-5-111. Whichever citation was intended, neither support the lead opinion's grammatical interpretation. . The concurring opinion takes the position that the statute is ambiguous because it is subject to more than one reasonable interpretation, and points to the difference of opinion on this court as evidence that the statute is open to more than one reasonable interpretation. However, an interpretation that ignores generally accepted grammatical rules is not reasonable. Nor may we substitute our subjective opinion of what is "reasonable” for the plain English used by the legislature.